William F. Wiemers et al., Defendants in Error, v. Calumet Publishing Company et al., Plaintiffs in Error.

### Gen. No. 14,672.

APPEALS AND ERRORS—*when finding set aside.* The finding of the court when against the evidence should be set aside upon review.

*Assumpsit.* Error to the Municipal Court of Chicago; the Hon. McKENZIE CLELAND, Judge, presiding. Heard in this court at the October term, 1908. Reversed and remanded. Opinion filed November 22, 1909.

POYNTON & POYNTON, for plaintiffs in error.

WILLIAM F. WIEMERS, for defendants in error.

MR. JUSTICE BAKER delivered the opinion of the court.

In an action brought in the Municipal Court by defendants in error against plaintiffs in error to recover rent of an office in a certain building in Chicago from June 1, to September 30, 1907, at the monthly rental of $35, plaintiffs had judgment for $130, to reverse which this writ of error is prosecuted. There was no lease in writing, and the defendants did not take possession of the premises. Defendant Mather was engaged in the business of special advertising and had advertised in a paper published by the other defendant, the Calumet Publishing Company. Of that company George W. Bolling was manager. In May, 1907, Mather told Bolling that he intended to move his office and asked Bolling to go with him, and Bolling said that he would do so if Mather found a suitable office. About June 1 Mather called on Nees, one of the plaintiffs, and was shown two rooms. As to the conversation then had between Nees and Mather, Nees testified that: About June 1st Mr. Mather came to our office with a view to renting a couple of rooms that we had vacant, paid us two dollars and asked us to hold them while he looked around. In a few days Mather paid us eight dollars more and we gave him a receipt for that amount. And Mather testified in substance as follows: I told Mr. Nees that I had no power to contract other than for myself, and I would pay him a deposit to hold them for a few days until Mr. Bolling could see them and pass on them, and I agreed to pay him $10. I only had a few dollars in my pocket. I gave him $2 and the following day I gave him $8 and he made a receipt for me to Frank L. Mather for $10, and it stated in the receipt the offices were to be held for three or four

days. Bolling testified that Mather showed him the receipt and asked him to go and look at the offices, and that he told him that he did not want the offices; that Mather replied that he thought he would move there; that some time afterward one of the plaintiffs asked him to sign a lease for the offices, and that he refused and said he did not want the rooms.

There is no evidence tending to show that in the first conversation Mather, either for himself or for himself and the Calumet Publishing Company, agreed with Nees on the terms of a lease, nor is there any evidence tending to show that Mather had any authority from the Publishing Company to lease offices either for the Publishing Company or for himself and the Publishing Company. June 21 plaintiffs wrote the "Daily Calumet" asking for a check for the June rent, $25, "for the two offices you rented from us through your Mr. Mather." June 21 plaintiffs again wrote the "Daily Calumet" that: "Your Mr. Mather, acting on your behalf, rented from us two offices," etc., and asking for a check and that the lease be signed, and neither of said letters was answered. Nees further testified that some time in June he called at the office of the Publishing Company and was told by some one, he did not know who, that Bolling was out of town, but was ready to sign the lease.

The statement of some unknown person, then in the office of the Publishing Company, that Bolling was ready to sign the lease, was not evidence tending to show that either the Publishing Company, or the Publishing Company and Mather, had leased the premises in question from the plaintiffs.

The statement in each letter was that the Publishing Company through Mather had rented the offices. There is no evidence even tending to show such renting, and the fact that said letters were not answered will not warrant or support an inference that Mather and the Publishing Company had rented the offices from the plaintiffs.

The evidence in the record is not, in our opinion, sufficient to support the finding and judgment against the Publishing Company, and the judgment will therefore be reversed and the cause remanded.

*Reversed and remanded.*